## Case No. 4,448.

EMIGH v. CHICAGO, B. & Q. R. CO.

[1 Biss. 400; 2 Fish. Pat. Cas. 387; Merw. Pat. Inv. 425.][1]

Circuit Court, N. D. Illinois. June, 1863.

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission. Merw. Pat. Inv. 425, contains only a condensed report.]

S. A. Goodwin, for complainant.

J. M. Walker & J. Cochran, for defendants.

DRUMMOND, District Judge. The court is of the opinion that there is something different and distinct in the combination of the Stevens brake from that of Turner, of Hodge, of Tanner, or of any of the other brakes that have been brought before the court during the hearing of this case, in this, viz.: That in the Stevens brake the levers are of the same order, and of similar proportions, so that when operated from either end, without any serious wear or strain on other parts of the machinery, it applies all the brakes of the car with equal force to the wheels, and consequently they are all uniformly retarded.

The parts of the combination—the levers, the link-rods, and rubbers,—are all old, but the combination in the manner described by Stevens, is new, and it, the new combination, producing a new result, is a subject of a patent, and this, irrespective of the fact whether or not it contains a part of the Turner or Hodge combination.

The claim of Stevens, fairly interpreted, means the particular combination and arrangement of levers, link-rods, and rubbers in a car, as he had described it, so as to produce the result, viz.: the retarding with a uniform force, of each wheel of the car when the brake is applied. This is all he claims, and this claim the court thinks is new and not too broad.

At the time the license was given, June 15, 1853, it was only to the Chicago and Aurora Railroad Company, its successors and assigns, and the reasonable construction of the license is that it extended no further than the road then used, or which the company was then authorized to construct. It did not extend to any and all lines of road which the company, under a new name and organization, might thereafter be authorized to build, to lease, or to use.

An order must be entered referring the case to a master to report the damages, which the plaintiff has sustained, according to the principles here stated.

Upon the coming in of the master's report, at a subsequent term, a decree was entered for complainant for $10,620.